UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY THAYER,<br><br>        Plaintiff,<br><br>     v.<br><br>LANDMARK EVENT STAFFING AND SERVICES,<br><br>        Defendant. | Case No. 21-cv-03938-HSG<br><br>**ORDER DISMISSING COMPLAINT** |

Plaintiff Zachary Thayer, representing himself, has filed a complaint against Landmark Event Staffing and Services. The complaint is now before the Court for review under 28 U.S.C. § 1915.

## I. LEGAL STANDARD

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.8. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court construes the complaint liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## II. DISCUSSION

On May 24, 2021, Plaintiff filed a complaint. Dkt. No. 1. After granting Plaintiff's application to proceed in forma pauperis, Magistrate Judge Corley notified Plaintiff that the attachments to his complaint were not legible and ordered him to refile the attachments in a legible format. Dkt. No. 5. On July 23, 2021, Judge Corley wrote a report and recommendation regarding dismissal. Dkt. No. 6. Plaintiff has since refiled his complaint in a legible format. Dkt. No. 8.

Plaintiff's filing again includes various attachments, including orders from various cases, that do not assist the Court in evaluating his legal claim. Though now legible, Plaintiff's complaint is insufficient under 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 8. It appears Plaintiff seeks to bring an employment discrimination action, but the complaint contains no specific allegations concerning the Defendant identified. Federal Rule of Civil Procedure 8 requires a short and plain statement of the legal claims. Additionally, a pleading that offers naked assertions devoid of further factual enhancement does not suffice. *Iqbal*, 556 U.S. at 677–78.

Despite these deficiencies, the Court cannot say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). The Court thus **DISMISSES** the complaint **WITH LEAVE TO AMEND**. In preparing an amended complaint, Plaintiff must, for each cause of action, list the defendant that committed the alleged legal violation, specify the legal provision violated, and specify the actions or inactions that constituted a legal violation. Plaintiff cannot rely on attachments as a substitute for meeting the pleading requirements described in this order.

### III.  CONCLUSION

Accordingly, the Court **DISMISSES** the complaint **WITH LEAVE TO AMEND**. Plaintiff shall file an amended complaint and motion to proceed *in forma pauperis* within twenty-eight (28) days of the date of this order.  Plaintiff needs to lay out the required short, plain and clear statement as described above, so the Court can evaluate whether there is a sufficient legal basis for the claims.  Failure to file an amended complaint by the deadline may result in the dismissal of the action in its entirety without further leave to amend.  In addition, Plaintiff's amended complaint will be dismissed if it does not correct the deficiencies the Court has identified in this order.

This order terminates docket number 6.

**IT IS SO ORDERED.**

Dated:  August 10, 2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge