UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAC J THAYER,<br><br>    Plaintiff,<br><br>v.<br><br>LANDMARK EVENT STAFFING AND SERVICES,<br><br>    Defendant. | Case No. 21-cv-03938-HSG<br><br>**ORDER DISMISSING CASE WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 10 |

Plaintiff Zachary Thayer, representing himself, has filed an amended complaint against Defendant Landmark Event Staffing and Services. Dkt. No. 10. The amended complaint is now before the Court for review under 28 U.S.C. § 1915.

## I. INTRODUCTION

On May 24, 2021, Plaintiff filed a complaint. Dkt. No. 1. After granting Plaintiff's application to proceed *in forma pauperis*, Magistrate Judge Corley notified Plaintiff that the attachments to his complaint were not legible and ordered him to refile the attachments. Dkt. No. 5. On July 23, 2021, Judge Corley wrote a report and recommendation regarding dismissal. Dkt. No. 6. Plaintiff refiled his complaint in a legible format. Dkt. No. 8. The Court then dismissed Plaintiff's complaint for failure to state a claim, explained the deficiencies, and directed Plaintiff to file an amended complaint within twenty-eight days. Dkt. No. 9. The Court made clear that failure to correct the deficiencies would result in the dismissal of this action. *Id.* at 3. Plaintiff then filed an amended complaint. Dkt. No. 10.

## II. LEGAL STANDARD

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *Escobedo v. Applebees*, 787 F.3d

1226, 1234 & n.8. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127-31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court construes the complaint liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### III. DISCUSSION

The Court finds the amended complaint insufficient under 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 8. Plaintiff did not address the deficiencies identified by the Court in its prior dismissal order. *See* Dkt. No. 9. It appears Plaintiff seeks to bring an employment discrimination action and also identifies several constitutional violations. But the amended complaint, which appears to concern radio hacking, contains no coherent allegations. The Court is unable to identify the actions or failures to act that constituted a legal violation, or how the alleged hacking relates to Plaintiff's employment. As the Court previously explained, Plaintiff must coherently describe the facts supporting each claim and the specific Defendant against whom the claim is alleged, and cannot rely on attachments as a substitute for meeting the pleading requirements. Plaintiff again includes various attachments that do not assist the Court in evaluating his legal claim.

While "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations omitted), the Court need not grant leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotations omitted). Despite Plaintiff's notice of the deficiencies and the opportunity to amend, Plaintiff still demonstrates an inability to state any legally cognizable claims for relief, and the Court is convinced that Plaintiff cannot cure the defects identified. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotations omitted)).

## IV.    CONCLUSION

Accordingly, the Court **DISMISSES** the case **WITHOUT LEAVE TO AMEND**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:   11/7/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3